UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN CHANDLER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-862-JD-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary hearing (ISP 17-09-107) where a Disciplinary Hearing Officer (DHO) found him guilty of sexual contact against staff without consent in violation of Indiana Department of Correction (IDOC) Policy B-204 on September 20, 2017. ECF 8 at 1, ECF 14-7 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted one credit class. *Id.* The Warden has filed the administrative record and Chandler filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his amended petition, Chandler presents a number of grounds he claims entitle him to habeas corpus relief.

As a threshold matter, the DHO had sufficient evidence to find Chandler guilty of sexual contact against staff without consent. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Chandler was found guilty of violating IDOC offense B-204 which prohibits inmates from "[c]ontact of a sexual nature with a staff person, including contractual staff and volunteers, which includes intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any staff person. (Does not include kicking, punching, or grabbing the genitals when the intent is to harm or debilitate rather than to sexually exploit.)." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/ 02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Chandler as follows:

> On Sep. 7, 2017, as I ofc. Rei was doing a security walk at 9:11 pm on the 100W range, I ofc. Rei stopped to talk to a[n] offender on the rec. pad which happened to be in front of 106W cell. As I ofc. Rei was standing in front of his cell offender Chandler D.O.C. 138734 grabbed my buttocks. I ofc. Rei then proceed[ed] to ask offender Chandler "why did you touch me"? Offender Chandle[r] laughed after I asked him the question. I ofc. [Rei] proceed[ed] to finish the security walk and followed proper chain of command.

ECF 14-1 at 1.

The video evidence of the September 7, 2017, incident was reviewed by the DHO and showed the following:

> On the above date [9-7-2017] and approximate time of 9:13 PM Officer B. Rei is walking the 100 West side range in DCH. There is an offender in the rec area that she stops and talks to. While she is talking to the offender in the re[c] area, offender Chandler in D 106 reaches out of his cell and touched her buttocks. She quickly turns around to face him and then proceeds down the range.

ECF 14-6 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Chandler guilty of violating offense B-204. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In this case, Officer Rei, the reporting officer, documented the fact that Chandler grabbed her buttocks when she was performing a security walk on the 100W range of the prison after 9:00 p.m. on September 7, 2017. ECF 14-1 at 1. Here, Officer Rei explained that, when she stopped to talk with another offender in the recreational area across from Chandler's cell, he reached out of his cell and grabbed her buttocks. *Id*. In light of Officer Rei's first hand account or personal knowledge of Chandler's conduct, there was more than "some evidence" for the DHO to find Chandler guilty of sexual conduct against staff without consent. Therefore, because the DHO's finding was neither arbitrary or unreasonable in light of the facts presented in this case, the DHO had sufficient evidence to find Chandler guilty of offense B-204.

Nevertheless, in one ground of his amended petition, Chandler argues his due process rights were violated because he was improperly denied a witness statement from Officer Peggy. ECF 8 at 2. Prison officials have discretion to "keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. Thus, a hearing officer may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). That is what happened here. The DHO denied Chandler's request for a statement from Officer Peggy because it was "irrelevant." ECF 14-7 at 1. Here, Chandler requested Officer

Peggy's testimony or a statement to show that Officer Rei was "very unprofessional towards [him]." ECF 14-3 at 1. However, Officer Rei's alleged demeanor does not provide any defense to Chandler for his grabbing of Officer Rei's buttocks. And, as discussed, the conduct report in this case provides ample evidence to support the DHO's conclusion that Chandler was guilty of offense B-204.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie*, 342 F.3d at 666. But here Chandler has not identified anything from Officer Peggy that would prove to be exculpatory or might have aided his defense. Thus, even if the DHO had improperly excluded Officer Peggy's testimony, it would have been a harmless error. Therefore, this ground does not state a basis for habeas corpus relief.

In his amended petition, Chandler argues his due process rights were violated because the DHO failed to follow IDOC policy when she denied his request to continue his hearing. ECF 8 at 2. Here, Chandler claims he should have been granted one continuance as permitted by IDOC policy. *Id*. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process").

5

Therefore, Chandler's claim regarding violations of IDOC policy can not be remedied in a habeas corpus petition.

In another ground of his amended petition, Chandler seems to argue that his due process rights were violated because he was denied a fair hearing. ECF 8 at 3. He claims the DHO treated him unfairly by "getting up an[d] walking out of [the] hearing befor[e] it was done." *Id*. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

The court's review of the record indicates there is no competent evidence in the record to support Chandler's contention that the DHO was biased against him or that he did not receive a fair hearing. Notably, Chandler has not shown the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 667. Furthermore, the DHO thoroughly considered the record evidence and found there was sufficient evidence to find Chandler guilty. Therefore, Chandler has not identified a basis for granting habeas corpus relief.

Furthermore, in his amended petition, Chandler argues his due process rights were violated because he was improperly denied prison surveillance video evidence. ECF 8 at 2, ECF 14-3 at 1. In support of his position, Chandler states he requested video evidence from September 6, 2017, the day before the incident occurred, to show Officer Rei acted unprofessionally toward him. *Id.* But here the DHO denied Chandler's request for the September 6, 2017, video evidence as "irrelevant." ECF 14-7 at 1. *See Piggie*, 342 F.3d at 666 (a hearing officer may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary). As discussed, Officer Rei's alleged demeanor does not provide any defense for Chandler's improper behavior toward Officer Rei. Therefore, video evidence of prior interactions between Officer Rei and Chandler are irrelevant to Chandler's defense of the September 7, 2017 incident.

To the extent, Chandler asserts he was denied video evidence of the September 7, 2017 incident, that request was properly denied. ECF 8 at 2, ECF 14-3 at 1. While Chandler had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review the evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Chandler did not have a right to review the video evidence because the release of that information would have given Chandler and other inmates insight into the surveillance and investigative techniques employed by prison officials. The court has reviewed the

video evidence and finds that the release of this information would have posed a security threat if it had been released.

Chandler also did not have a right to review the video evidence because it does not contain exculpatory evidence. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992) ("[i]nmates have a right to present relevant, exculpatory evidence in their defense"). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Chandler had a right to present relevant, exculpatory evidence in his defense, the video recording is made up of incriminating evidence, which supports the conduct report. *Miller*, 963 F.3d at 1005. As stated, the court has reviewed the video evidence and notes that it does not contain any exculpatory evidence. Because the DHO, who presided over Chandler's hearing, considered all of the relevant evidence in this case, including the video evidence, staff reports, and witness statements, there was no violation of Chandler's due process rights. *White*, 266 F.3d at 767. Therefore, Chandler has not identify a basis for granting habeas corpus relief.

If Chandler wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

8

For these reasons, Kevin Chandler's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on October 2, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT